STATE *ex rel.* TRELKELD *et al. v.* CASOTTI.

(*Jackson,* April Term, 1917.)

**NUISANCE.   Violation of injunction.   Penalty.   Statute.**

The penalty for violating injunction issued under the Nuisance Act (Laws 1913 [2d Ex. Sess.] c. 2) section 4, providing that violation thereof "shall be a contempt of court and punished as hereinafter provided," is that prescribed by section 7 for contempt of court, although the latter section does not expressly mention the breach of injunction covered by section 4.

FROM SHELBY.

Appeal from the Chancery Court of Shelby County to the Court of Civil Appeals, and by *certiorari* to the Court of Civil Appeals from the Supreme Court.—FRANCIS FENTRESS, Chancellor.

A. L. HEISKELL and A. G. RILEY, for appellants.

S. O. BATES, for appellee.

MR. JUSTICE BUCHANAN delivered the opinion of the Court.

This is a proceeding under chapter 2 of the second extra session of the General Assembly of Tennessee of the year 1913. The act is commonly known as the "Nuisance Act." By the decree of the chan-

cellor Casotti was held to be guilty of a contempt of court arising out of the violation by him of an injunction issued under the provisions of section 4 of said act. The decree fixed his punishment at imprisonment for ten days in the county jail or workhouse and until payment by him of a fine of $50 and the costs of the cause, from which decree complainants below prosecuted an appeal to the court of civil. appeals, based upon the ground that by section 7 of the Nuisance Act the punishment for each contempt of court by that act denounced is fixed at imprisonment ''in the county jail or workhouse not less than thirty days nor more than six months,'' and a fine in a sum ''not exceeding $50 at the discretion of the court.''

The court of civil appeals affirmed the decree of the chancellor, and the case is before us on complainant's petition for *certiorari*.

We think the court of civil appeals was in error. It is true that section 7 of the act does not, in express terms, mention the particular contempt of court declared by section 4, but when the entire act and its purposes are considered, and especially when we look to the second clause of section 4, it is obvious that the punishment prescribed in section 7 is to be imposed for a violation of the contempt declared by section 4. The last part of section 4, referring to the injunction by it provided for, reads:

''It shall be binding upon the defendant, or defendants throughout the county until modified or set

aside by the court, judge, or chancellor having cognizance of the case; and any violation thereof by the defendants, or upon their procurement, shall be a contempt of court and punished as hereinafter provided."

· No warrant can be found in the quoted words for going outside of the Nuisance Act to find the punishment for the contempt declared by section 4. On the contrary, the words "punished as hereinafter provided" clearly point to section 7 as fixing the punishment, that being the only provision in the act to which the words last above quoted could possibly have application.

It appears from the transcript that the chancellor was of the opinion upon the evidence that the contemnor deserved the full punishment prescribed by section 7, and was about to impose the same by his decree, but was restrained from so doing by two rulings to the contrary made by the court of civil appeals in preceding cases. These rulings, as we have seen, were erroneous, but the chancellor felt himself bound by them, and consequently, though he imposed the full amount of the fine prescribed by section 7, rendered an erroneous decree as to the duration of the term of imprisonment.

It results that the decree of the court of civil appeals is in all things reversed, and the decree of the chancellor modified so that, as his punishment for said contempt of court, Charles Casotti will undergo imprisonment in the county jail or workhouse for a

term of six months, and until the payment by him of the fine of $50 imposed by the chancellor, and all of the costs of the cause. In all other respects the decree of the chancellor is affirmed, and the cause is remanded for the execution thereof, as hereby modified.

A copy of this opinion will accompany the *procedendo.*